UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KAREN FRAZIER,            ) | |
| )                          | |
| Plaintiff,            )    | |
| )                          | |
| v.                    )    | Case No.: 1:22-cv-457 |
| )                          | |
| BARTHOLOMEW COUNTY PUBLIC ) | |
| HOSPITAL d/b/a COLUMBUS   ) | |
| REGIONAL HEALTH,          ) | |
| )                          | |
| Defendant.            )    | |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Karen Frazier brings this lawsuit against Bartholomew County Public Hospital d/b/a Columbus Regional Health ("CRH") for retaliation in violation of Section 704(a) of Title VII of the Civil Rights Act of 1964 as amended, and 42 U.S.C. 2000e-3. For her Complaint, Frazier alleges the following:

## Jurisdiction And Venue

1. Jurisdiction of this court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343.

2. This action is authorized and instituted pursuant to Section 704(a) of Title VII of the Civil Rights Act of 1964 as amended, and 42 U.S.C. 2000e-3

3. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Southern District of Indiana.

## Background Facts

4. At all times material to this Complaint, Frazier was, and she currently is, a resident of Shelby County, Indiana.

5. CRH is a health care organization located in Columbus, Bartholomew County, Indiana with more than 500 employees.

6. At all times material to this Complaint, Bill Algee was Radiology Director of CRH and a superior of Frazier, and Lisa Owens was Radiology Manager of CRH's Radiology Department and a supervisor of Frazier.

7. Frazier satisfied her requirement to exhaust administrative remedies by filing a Charge with the Equal Employment Opportunity Commission ("EEOC") as a result of CRH's retaliation against Frazier, and on December 14, 2021, the EEOC issued a Notice of Right to Sue to Frazier and Frazier now timely files this lawsuit. A copy of the Notice of Right to Sue is attached as Exhibit A.

8. Frazier has performed all conditions precedent, if any, required for the filing and pursuit of this claim for judicial relief under Title VII and its related regulations.

## General Facts

9. Frazier began employment with CRH in 1985 as a Staff Radiology Technologist in the Radiology Department.

10. Frazier's next position was Clinical Instructor for the Radiology Program at CRH which at that time was operated by Ivy Tech.

11. In 1992 CRH started its own radiology school/program and selected Frazier to set up and run the school/program.

12. Frazier had the CRH Radiology Program ("Program") functioning the following year, at which time she became its Program Director.

13. Frazier held the Program Director position with CRH until March 2021.

14. At all times material to this Complaint, Brian Hagan, Clinical Instructor, worked with Frazier in running the Program.

15. Frazier's position description stated that her job with CRH included the following responsibilities:

   a. Develops, coordinates, supervises, and evaluates student's education;

   b. Develops and revises course descriptions, outlines, and lesson plans;

   c. Instructs students;

   d. Directs student recruitment and selection;

   e. Maintains applicant and student records;

   f. Formulates the program's Master Plan of Education;

   g. Maintains program accreditation;

   h. Recommends program budget;

   i. Conducts ongoing review of program to determine its effectiveness.

16. During Frazier's tenure as its Director, the Program maintained a 100% completion rate, a 95% first-time pass rate for the American Registry of Radiologic Technologists exam, the national credentialling exam, and a 100% job placement rate for its graduates.

17. Since the Program began, Frazier taught a majority of the classes that it offered. Frazier was also responsible for maintaining the School's accreditation by the Joint Review Committee on Education in Radiologic Technology (JRCERT).

18. In her Director position, Frazier served as a professional educator and mentor to over 120 individuals who are now registered technologists providing medical imaging services.

19. While employed at CRH, Frazier served on the committee for the Indiana State Department of Health that dealt with reforming licensure for radiologic workers in Indiana.

20. While employed at CRH, Frazier also was a member of the American Society of Radiologic Technologists.

21. In 2009 Frazier also created the part-time Limited Licensure Program for Cardiac Catherization Personnel at CRH.

## Radiology Program Accreditation

22. JRCERT is the agency recognized by the United States Department of Education and the Council for Higher Education Accreditation for the accreditation of traditional and distance delivery educational programs in radiography, radiation therapy, magnetic resonance, and medical dosimetry.

23. As Program Director, Frazier was responsible for coordinating the training program in radiologic technology so that it met JRCERT national accreditation standards.

24. JRCERT accredited Programs are required to have an Advisory Committee. The CRH Program had an Advisory Committee and Frazier was a member of that Advisory Committee.

25. Frazier typically prepared Advisory Committee meeting agendas that contained items requiring action and status updates on matters previously discussed or in progress.

26. JRCERT conducts periodic site reviews of accredited programs for re-accreditation. The reviews are conducted by JRCERT site visitors.

27. Frazier has served as a JRCERT site visitor since about 2008. As a site visitor, she was and is knowledgeable about accreditation requirements and processes.

28. A JRCERT review of the Program at CRH began in December 2020 and continued into 2021.

29. Historically, the Radiology Department assigned/scheduled technologists to specific exam rooms or areas. It is a generally accepted industry standard to ensure 1:1 supervision of students by technologists and this ratio and supervision are also requirements of JRCERT accreditation. Therefore, CRH would assign program students to a room or area who would then learn on the job from and were supervised by the technologist assigned to their room or area.

30. In the months prior to the JRCERT onsite inspection, the Radiology Department discussed (in the summer of 2020) trying a new floating schedule staffing model where technologists would not be assigned a specific room or area but could go to rooms or areas as needed. However, Program students would remain assigned to a specific room or area to assure that rotations were educationally valid, another requirement of JRCERT.

31. Frazier suggested to Algee the new staffing model might not work well because of the supervision requirement of radiology students necessary for JRCERT as well as a matter of safety when working with radiation on patients. She was concerned that the change would affect the Program's accreditation.

32. Algee decided to implement the staffing model change to the new method on a trial basis. A few months later Algee made the change permanent.

33. At the JRCERT site visit exit summation in December 2020, CRH and the Program were cited for violating Standards 4.4 and 4.5, dealing with student supervision, finding that the staffing model did not provide adequate supervision of Program students.

## Frazier's Internal Discrimination Complaints

34. In or about January 2019, Frazier called CRH Human Resources (HR) and reported that she was being subjected to harassing treatment based on her gender and age. Frazier had not yet identified the harasser's name, but when HR affirmatively asked Frazier if that person was Bill Algee, Frazier responded - Yes.

35. Frazier also asked for an appointment with the Employee Assistance Program ("EAP") for counseling to cope with this harassing treatment. She met with an EAP counselor.

36. Frazier told Algee that she had complained to Human Resources about his behavior.

37. CRH did not take any action on Frazier's complaint to HR reporting the harassing conduct.

38. In late 2020, Frazier notified the HR department that she continued to be harassed by Bill Algee based on her gender and her age.

39. HR told Frazier that she should complete an internal CRH complaint form and submit it to HR.

40. Frazier submitted a Fair Treatment-Policy Violation form dated December 4, 2020, complaining of Algee's treatment of her as a woman and her age.

41. Frazier subsequently discussed her complaint with the HR representative. Frazier said that she felt extremely uncomfortable, and upset being treated that way in the workplace as a woman and as an older person. Frazier also informed HR that she feared for loss of her job.

42. The HR representative informed Frazier that because Algee had not committed a violation within a 5-day period immediately preceding the filing of her complaint, there was nothing CRH could do.

43. The HR representative returned the documents Frazier had previously provided to HR and informed her that she should come back the next time Algee acted in a hostile and inappropriate manner.

44. CRH took no action on Frazier's internal complaint.

### CRH's Firing of Frazier

45. In March 2021 Bill Algee requested that Frazier meet with him. Algee told Frazier that the purpose of the meeting was to discuss responding to, and next steps in, the JRCERT re-accreditation process that CRH was undergoing.

46. The meeting was held on March 8, 2021. When Frazier arrived at the meeting both Algee and a representative of HR were present.

47. Instead of discussing the JRCERT re-accreditation process as indicated to Frazier, Algee and the HR representative gave Frazier a Review Feedback form and fired her.

48. Frazier was an exemplary employee and had no disciplinary issues in the first three and a half decades of her employment with CRH.

49. CRH's Review Feedback form related to the termination of Frazier's employment indicates that her "disciplinary issues" began shortly after her 2019 report of being subjected to harassment, citing disciplinary issues beginning in July of 2019.

50. The reasons proffered by CRH for the termination of Frazier's employment were a pretext for CRH firing Frazier.

51. CRH fired Frazier in retaliation for her filing internal discrimination complaints against Algee.

### Request For Jury Trial and Request Relief

52. Frazier is entitled to have her case be tried by a jury. She requests a jury trial.

53. Title VII of the Civil Rights Act allows the following types of relief

    a. reinstatement of employment (or in lieu of that an amount of front pay)

    b. lost compensation,

    c. interest on lost compensation

    d. value of lost benefits

    e. interest on the value of lost benefits

    f. compensatory and punitive damages of $300,000 under 42 U.S.C. 1981 a(b)(3), and

    g. recovery of attorney's fees.

54. Frazier requests that she be granted all of the relief available under Title VII listed in Complaint paragraph above.

                                    Respectfully submitted,


                                    /s/ Eric M. Glasco
                                    Eric M. Glasco (Atty #31720-73)


Stephenson Rife
2150 Intelliplex Drive, Suite 200
Shelbyville, IN  46176
Tel: (317) 680-2052
Fax: (317) 680-2012
ericglasco@srtrial.com
Attorney for Karen Frazier